## GILL vs. HUDSON.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF RAPIDES, BEING THE SECOND APPEAL IN THIS CASE, GRANTED BY THE JUDGE OF THE FIFTH DISTRICT.

Where the record was not brought up and filed on the return day, nor within three judicial days thereafter, the court refused to sustain the appeal on the ground that the *delay* was caused by mistake of the appellant and his counsel, in supposing it had been filed by the clerk in proper time.

WESTERN DIST.    This appeal was taken, returnable the *first* Monday of
October, 1839.   October, 1839, to the court, sitting at Alexandria.   The
GILL           record was not brought up and filed until Saturday of the
*vs.*           first week of the court, which was the sixth judicial day of
HUDSON.         the term.

The counsel for the defendant and appellee moved to dismiss the appeal, as not having been filed on the return day, and within the time prescribed by law.

The plaintiff presented his affidavit, to show that the omission to file the new appeal on the return day, was caused by mistake ; and prayed that it might be maintained as filed.

*Dunbar*, for the motion to dismiss.

*Bryce*, contra.

*Martin, J.*, delivered the opinion of the court.

The dismissal of the appeal is prayed for, on an allegation that the transcript was not returned and filed in due time. The appeal was made returnable on the first Monday of October, 1839, and the transcript was not filed until the Saturday following, which was the sixth judicial day of the term.

The appellant has filed his affidavit, stating, that A. L. Bringhurst, as deputy clerk in the District Court, made out the transcript, and the affiant knowing that he was also deputy clerk of the Supreme Court, trusted that he would have had the transcript brought up, and timely filed. The affiant further states that he has been informed by his counsel, and verily believes, that they were under the impression that the transcript was regularly filed on the first day of the term. That the cause was fixed for trial, by agreement of counsel, under this impression. The affiant shows that this error was assisted and confirmed on the minds of the counsel on both sides by the fact that the same case was on the docket of this court at the last term, and was dismissed ; that the old transcript being on file, and among the suits at the present term, misled the counsel, and induced the belief that the present appeal was regularly filed.

It does not appear that the appellant, or any of his counsel, took any steps to have the transcript filed in due time ; and the circumstance of the deputy clerk of this court having made out the transcript for the clerk of the District Court, cannot be received as evidence of his having been requested to attend to the filing of it in this court.

The remainder of the affidavit which contains nothing within the knowledge of the affiant, must have very little weight with us ; as it contains only matters within the knowledge of the appellant's counsel, in whose handwriting it appears to be drawn up.　Those matters would have had more weight if they had been sworn to by the counsel.

It appears to be conceded in the argument, that the appellee's counsel did not agree to have the case set down for trial, but were silent when the appellant had it fixed for hearing.

It also appears to us, that before the return day, and the meeting of this court, the clerk of the District Court having died, the authority of his deputy clerk, (also the clerk of this court,) expired.

The appeal must, therefore, be dismissed, at the costs of the appellant.